Charles E. PILLETTE,
Petitioner-Appellant,

v.

Dale FOLTZ & Frank Kelley,
Respondents-Appellees.

No. 86–1245.

United States Court of Appeals,
Sixth Circuit.

Argued June 15, 1987.
Decided July 23, 1987.

Craig W. Haehnel, argued, Haehnel, Orlebeke & Haehnel, Grand Rapids, Mich., for petitioner-appellant.

Jeffrey Caminsky, Asst. Wayne County Prosecutor, Detroit, Mich., for respondents-appellees.

Before KENNEDY and MILBURN, Circuit Judges; and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Petitioner Charles E. Pillette appeals from a district court order dismissing without prejudice his habeas corpus petition for failure to fully exhaust state remedies. Petitioner first argues that he has sufficiently exhausted available state remedies with regard to his claim of ineffective assistance of counsel. He secondly argues in the alternative that even if his state remedies have not been exhausted, he should not be required to pursue them because any further attempt to obtain redress for his claim would be futile. For the reasons which follow, we affirm.

## I.

In 1976, petitioner and his codefendant, Scarlet Smith, were charged with several felonies under Michigan law in connection with the death of Smith's three year old daughter, Josette. Petitioner and Smith were each charged with one count of felony murder in the perpetration of a rape, one count of first degree premeditated murder, and two counts of first degree criminal sexual conduct. Petitioner and Smith were tried before two separate juries in a joint trial. At one point during the joint trial, Smith called upon Dr. Ames Robey, a psychiatrist, to testify concerning a prior interview he had with Smith. Although Dr. Robey testified on Smith's behalf, petitioner's jury was not excused. Dr. Robey referred during his testimony to several statements Smith had related to him concerning petitioner's past behavior.[1] Peti-

tioner's counsel did not object to Dr. Robey's references nor did he request that petitioner's jury be removed during Dr. Robey's testimony.

The jury for petitioner found him guilty of felony murder and guilty of two counts of first degree criminal sexual conduct. Petitioner was sentenced to three concurrent terms of life imprisonment. Petitioner appealed his convictions and on March 19, 1980, the Michigan Court of Appeals set aside the felony murder conviction, reducing the conviction to manslaughter or, at the prosecutor's option, retrial on second degree murder. The court affirmed the criminal sexual conduct convictions.[2]

In July of 1982, petitioner filed his *pro se* habeas petition with the district court pursuant to 28 U.S.C. § 2254. On February 24, 1984, the district court denied the petition and petitioner brought his first timely appeal to this court.

In his appeal, petitioner raised several arguments, including his claims that he was arrested without probable cause, that a confession should have been suppressed as resulting from an illegal arrest, and that he was denied effective assistance of counsel. Petitioner asserted several grounds in support of his ineffective assistance of counsel claim, one of which was his contention that he was prejudiced by counsel's failure either to have petitioner's jury excused during Dr. Robey's testimony or to object to Dr. Robey's references to petitioner. Petitioner believed that Dr. Robey's testimony violated his right to confrontation under the principles set forth in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). At oral argument before this court, it was questioned whether petitioner had presented this specific ineffectiveness claim to the state courts, thereby exhausting his state remedies with regard to the claim. This court subsequently vacated the judgment of the

1. Smith had not discussed those statements during her earlier testimony.

2. In a subsequent decision rendered on March 3, 1983, the Michigan Court of Appeals ordered

resentencing on petitioner's criminal sexual conduct convictions. On June 24, 1983, petitioner was resentenced to two concurrent terms of thirty to fifty years imprisonment.

district court and remanded for a determination of whether petitioner had fully exhausted his state remedies with regard to each claim. *Pillette v. Foltz,* 779 F.2d 52 (6th Cir.1985) (unpublished per curiam).

On remand, the district court limited its inquiry to determining whether petitioner had exhausted available state remedies with regard to his ineffectiveness claim based on Dr. Robey's testimony. The court found that the claim had not been exhausted and therefore petitioner's claim for relief presented a mixed petition involving both exhausted and unexhausted claims. Because the district court could not take cognizance of such a mixed petition under the holding of *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the court entered an order on January 21, 1986, dismissing petitioner's habeas petition without prejudice.

Petitioner's federally appointed attorney, Craig Haehnel, wrote a letter to Judge Michael Stacey of the Wayne County Circuit Court in Michigan, explaining the ineffectiveness claim and the problem of nonexhaustion. Haehnel informed Judge Stacey that the district court's disposition would necessitate filing a delayed motion for a new trial before the Wayne County Circuit Court. Because petitioner was indigent and unable to obtain private counsel, Haehnel requested that either himself or another attorney be appointed to represent petitioner in the state courts.

The Wayne County Prosecuting Attorney responded in a letter to Judge Stacey opposing any appointment of state counsel, particularly in light of petitioner's failure to formally move for such appointment. The prosecutor also observed that any further post-conviction review was available only by leave of the court.

On February 5, 1986, Judge Stacey advised Haehnel that the prosecutor's position was valid. Petitioner then filed a *pro se* motion for appointment of state counsel which Judge Stacey denied on February 19, 1986.

Haehnel thereafter sought a certificate of probable cause from the district court to appeal the court's dismissal order. The court issued the certificate on March 6, 1986, after which this timely appeal was filed.

**II.**

A state prisoner must exhaust all available state remedies before bringing a habeas petition under 28 U.S.C. § 2254. This generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review. *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987); *Ferguson v. Knight,* 809 F.2d 1239, 1241 (6th Cir.1987). Although the exhaustion requirement is not jurisdictional, it is strictly enforced, *Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052, 2062, 80 L.Ed.2d 674 (1984), and if the habeas petition contains any issues which are not exhausted, the entire petition must be dismissed. *Rose v. Lundy,* 455 U.S. 509, 515–20, 102 S.Ct. 1198, 1201–04, 71 L.Ed.2d 379 (1982). Although there is a strong presumption in favor of requiring state prisoners to pursue all available state remedies with regard to each and every claim, there are also limited circumstances under which the failure to do so will not act as a complete bar to federal habeas review. *Granberry v. Greer,* — U.S. —, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987). *Granberry* involved the situation where a petitioner asserts a claim before the district court which he arguably has not exhausted, but the state fails to raise nonexhaustion as a defense until the case reaches the court of appeals. Under those circumstances, the court of appeals should "take a fresh look at the issue [and] determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim." 107 S.Ct. at 1675.

Petitioner contends that he has sufficiently exhausted his claim that he was denied effective assistance of counsel because his attorney failed to object to Dr. Robey's testimony or request to have petitioner's jury removed during the testimo-

ny.[3] Petitioner refers the court to his original state appeal to the Michigan Court of Appeals, where his counsel moved to remand the case for an evidentiary hearing "to adequately explore the representation afforded defendant-appellant by trial counsel." In petitioner's view, if such a hearing had been held, any problem concerning Dr. Robey's testimony and trial counsel's failure to recognize it as a problem would have been discovered. Petitioner also relies on two prior Sixth Circuit decisions, *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir.), *cert. denied*, 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630 (1981), and *Rachel v. Bordenkircher*, 590 F.2d 200 (6th Cir.1978).

*Wiley* involved the situation where a petitioner fails to preserve a claim before the state trial court, presents it to the state supreme court, but the state supreme court declines to address the merits of the claim. Under those circumstances, this court held that the claim was "fairly presented" to the state courts as required by the exhaustion requirement, that the state appellate court was obligated to examine the claim on its merits, and that the state court's failure to do so did not undermine the exhausted nature of the claim. 647 F.2d at 646–47. Accordingly, this court concluded that the petitioner's exhausted claim was properly before this court in a habeas proceeding.

In *Rachel*, the petitioner's trial counsel had failed to properly object to improper closing remarks made by the state prosecutor in compliance with the state's contemporaneous objection requirement. Although the prosecutorial misconduct claim was not properly preserved for state appeal, the petitioner nevertheless urged the state appellate court to review the error under the standard of "manifest injustice."

The state appellate court disposed of the issue by holding that it either was without merit or was not properly preserved for review. When the petitioner raised the same prosecutorial misconduct issue in a habeas petition and submitted affidavits by trial counsel swearing that the failure to object at trial was the result of inexperience, the district court declined to review the merits on the ground that the state courts had to first be given the opportunity to "review the non-compliance with the contemporaneous objection rule upon a showing of manifest injustice." 590 F.2d at 203. This court reversed, stating that the state appellate court already "had a fair opportunity to review this issue and to require petitioner to trek through [the state] post-conviction relief procedure again is to further delay redress of a clear infraction of his constitutional rights." *Id.* at 204. This court also acknowledged that any further attempt to obtain review by state courts would be futile, since the state statute expressly provided that the state's appellate courts would not review an issue raised in post-conviction relief which had already been presented on direct appeal. *Id.* at 204 n. 5.

▮ In the instant case, it is clear that petitioner has not exhausted this particular ineffective assistance of counsel claim. The doctrine of exhaustion requires that the same claim under the same theory be presented to state courts before raising it in a habeas petition. *Franklin*, 811 F.2d at 325. Although petitioner alleged ineffective assistance of trial counsel in his direct state appeal, he did not base the claim on counsel's failure to object to Dr. Robey's testimony. Rather, he alleged the following three specific attorney errors: (1) coun-

---

3. As stated previously, petitioner contends that Dr. Robey's testimony violated the Sixth Amendment's guarantee of the right of confrontation, because Dr. Robey repeated several statements which petitioner's codefendant had previously made concerning petitioner's past behavior. According to petitioner, Dr. Robey's testimony constitutes error under the principles of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). However, we note that petitioner had the opportunity to confront the person to whom the statements were attributed, since his codefendant testified before both juries. Although Smith's testimony occurred before Dr. Robey's, there is no indication that she could not have been recalled for an inquiry into the statements which Dr. Robey attributed to her. Thus, petitioner's ineffectiveness claim is not really premised on a *Bruton* error, but is more accurately based on a claim that Dr. Robey's testimony, and counsel's failure to object thereto, violated petitioner's basic Sixth Amendment right to a fair trial.

sel's failure to challenge the legality of petitioner's arrest; (2) counsel's failure to object to the trial court's instruction on felony murder; and (3) counsel's failure to assert a double jeopardy argument. Thus, petitioner has not "fairly presented" the instant claim to the state courts.

Furthermore, the cases relied on by petitioner are inapposite. In both *Wiley* and *Rachel*, the claims asserted in the habeas petitions had been fairly presented to the state appellate courts, but the state courts simply chose not to address the merits of the claims on grounds of noncompliance with state contemporaneous objection rules. It is clearly a different situation here, since the state courts did not decline to review the merits of the instant issue asserted by petitioner—the claim simply was never presented at the state level. Thus, the district court correctly found that petitioner has not exhausted his claim of ineffective assistance of counsel based on counsel's failure to object to Dr. Robey's testimony.

The only other question on appeal is whether the exhaustion requirement should be waived because of futility. Petitioner argues that it would be futile to attempt to pursue his claim before the state courts via a petition for post-conviction relief. Petitioner observes that the state has already successfully opposed his motion for appointment of counsel to assist him in the state courts.

The exhaustion requirement was developed due to principles of comity and federalism, under the notion that state courts should be afforded the first opportunity to address potential constitutional errors in state trials. *Rose v. Lundy*, 455 U.S. 509, 515–16, 102 S.Ct. 1198, 1201–02, 71 L.Ed.2d 379 (1982). Under "special circumstances," however, federal courts may excuse a petitioner's failure to comply with the exhaustion requirement. *Id.* One example of a special circumstance is where it is clear that requiring a petitioner to pursue further review before the state courts would be futile because state law precludes further review. *Rachel*, 590 F.2d at 204 n. 5. Another exceptional situation can arise when a state fails to raise an arguably valid nonexhaustion defense during district court proceedings. On appeal, the circuit court can either require complete exhaustion or excuse the requirement and address the merits of the habeas petition, depending on which resolution would better serve the "interests of justice." *See Granberry v. Greer.*

■ The instant case simply does not present the type of exceptional situation under which the exhaustion requirement can be excused. In this case, unlike *Rachel*, there appears to be no state statutory bar preventing further state review of Pillette's claim. Although petitioner complains that the state prosecuting attorney has "prejudiced" any viable state court review by opposing his motion for appointed counsel, this is insufficient to excuse noncompliance with the exhaustion requirement. There is no support for the proposition that a state cannot oppose a petitioner's attempt to seek post-conviction relief. Furthermore, there is no indication that the state courts will not afford adequate consideration to Pillette's new theory of ineffective assistance of counsel. The state trial court merely rejected petitioner's request for appointment of state counsel; there is no indication that petitioner has formally filed for post-conviction relief or that the state courts will refuse to properly consider such a motion.

Also, the instant circumstances differ from those in *Granberry*, since there has been no failure by the state to assert an arguably valid nonexhaustion defense. In the proceedings before the district court on remand, the state fully, and successfully, argued nonexhaustion. Thus, there is no basis for finding that the state has "waived" its right to insist on compliance with the exhaustion requirement.

In sum, petitioner has proffered insufficient grounds for finding futility and exempting him from strict compliance with the exhaustion requirement. Accordingly, the judgment of the district court is AFFIRMED.