848 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald Lynn OGLE, Petitioner-Appellant,
v.
Gary LIVESAY, Warden, Respondent-Appellee.
 No. 87-5217.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1988.
 
 Before MILBURN and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Donald Lynn Ogle appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. Secs. 2241, 2254 (1982). For the following reasons, we affirm the district court in all respects.
 
 
 2
 Ogle was convicted by a jury in Tennessee state court for second-degree burglary, and for being a habitual criminal under T.C.A. Sec. 39-1-801 (1982). Pursuant to the habitual criminal conviction, Ogle was sentenced to life in prison. See T.C.A. Sec. 39-1-806. Both convictions and the life sentence were upheld on direct appeal by the Tennessee Court of Criminal Appeals, and the Tennessee Supreme Court denied further review. Ogle pursued post-conviction relief in state court, but was similarly unsuccessful. It is undisputed that during these proceedings Ogle exhausted his available state court remedies. See Pillette v. Foltz, 824 F.2d 494, 496-97 (6th Cir.1987); 28 U.S.C. Sec. 2254(b) & (c).
 
 
 3
 In his petition Ogle claimed six grounds for habeas corpus relief. The district court, adopting a magistrate's report and recommendation, rejected Ogle's claims and denied the petition. On appeal Ogle reiterates four of those grounds, claiming that his custody by the State of Tennessee violates the United States Constitution because: (1) two in-court identifications of Ogle were tainted by impermissibly suggestive photographic arrays; (2) the evidence was insufficient to convict him; (3) his counsel was not permitted to voir dire the jury immediately prior to the habitual criminal phase of the bifurcated trial; and (4) he was denied the effective assistance of counsel. In addition, Ogle claims that the district court erred in refusing to appoint counsel to pursue the habeas corpus petition.
 
 
 4
 We first address Ogle's claim that the burglary victims' in-court identifications violated his due process rights because the identifications were a product of suggestive photographic arrays. An in-court identification will violate due process rights "only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968). The use of a suggestive pretrial identification procedure need not result in disqualification of testimony, however, if the court determines from the totality of the circumstances that the witness' identification is nonetheless sufficiently reliable to submit to the jury. See Neil v. Biggers, 409 U.S. 188, 196-200 (1972). In Biggers, the Supreme Court identified several factors that would normally enter into this inquiry, including "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Id. at 199-200.
 
 
 5
 Ogle's counsel was apparently precluded by the state trial judge from inquiring into the nature of, and potential for suggestiveness in, the photographic arrays used in the pretrial identification procedure. On appeal, the Tennessee Court of Criminal Appeals held that the trial judge's action was erroneous, but then went on to apply the totality-of-the-circumstances test mandated by Biggers. The state appellate court's analysis merits quotation:
 
 
 6
 It appeared from the proof Mr. McCrary saw two photographic arrays a month or two after the crime. The first was composed of old pictures, black and white, and although he correctly identified appellant he stated he would not swear it was him owing to the poor quality of the work. He positively identified appellant later in a new color photo array. Mrs. McCrary identified him in an array, apparently the color collection her husband saw, about a month after the crime. There was no indication of a suggestive circumstance influencing either witness and the pictures were not introduced into evidence or tendered.
 
 
 7
 It is not clear the evidence showed a suggestive identification procedure but if it did the factors to be considered with it validate the in court identification. Briefly, (1) the victims observed the appellant close up in daylight at the scene, (2) they had reason to observe appellant closely and Mr. McCrary consciously tried to remember how he looked, (3) appellant had distinctive physical characteristics and the McCrarys' description of him was accurate, (4) the McCrarys' identification in the photo arrays were certain except for the first group Mr. McCrary saw which was of poor quality, and (5) the photos were viewed a month or so after the crime.
 
 
 8
 We think the in court identification was in all respects reliable and lawful. It is further corroborated by the fact appellant's car was used in the burglary. [This] issue is decided against appellant.
 
 
 9
 Jt.App. 21-22. The district court reviewed the record and held that the state court's underlying factual determinations were presumptively correct since none of the statutory exceptions was applicable. See 28 U.S.C. Sec. 2254(d)(1)-(8). Applying these facts, the district court agreed with the state appellate court's conclusion that the victims' in-court identification of Ogle did not violate his due process rights.
 
 
 10
 Ogle argues on appeal that the presumption of correctness is not applicable to this case because the state appellate court's decision was handed down without the court first reviewing the photographic arrays used by the police. He contends that the exceptions in section 2254(d)(2), (3) & (8) are applicable and, therefore, that the district court should have held an evidentiary hearing to supplement the state court record. We disagree. It must initially be noted that there has never been a credible showing by Ogle that the pretrial identification procedures were in fact suggestive. Giving Ogle's claims of constitutional error the widest possible latitude, however, the state appellate court and the district court proceeded on the assumption that the photographic arrays were suggestive to some degree. Under these circumstances, both courts then applied the Neil v. Biggers totality-of-the-circumstances standard to the facts of record and held that the in-court identifications were sufficiently reliable to submit to the jury. Based on the facts as found by the state appellate court, which petitioner does not challenge under the statutory exceptions to the presumption of correctness, we agree that the in-court identifications did not deprive Ogle of his constitutional right to due process.
 
 
 11
 Petitioner's second claim, a challenge to the sufficiency of the evidence for his second-degree burglary conviction, is expressly contingent on his contention that the in-court identification testimony should have been precluded. Since we have concluded that the identifications did not violate due process, we hold that sufficient evidence existed for a rational trier of fact to find Ogle guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 313-24 (1979).
 
 
 12
 In his third ground for relief, petitioner claims that he was deprived of his constitutional rights under the Fourteenth Amendment by the trial judge's refusal to permit a second voir dire immediately prior to the habitual criminal phase of the bifurcated proceeding. Since this claim implicates no specific constitutional guarantee, habeas corpus relief would be appropriate only if the trial court's ruling denied Ogle a fundamentally fair trial. See Donnelly v. DeChristoforo, 416 U.S. 637, 642-43 (1974); Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984). After a careful review of the record on appeal, however, we conclude that on the facts of this case the refusal to permit a second voir dire does not rise to the level of a deprivation of fundamental fairness. Accordingly, denial of habeas corpus relief on this ground was appropriate.
 
 
 13
 In his final claim on the merits, Ogle argues that his trial counsel was constitutionally ineffective at the habitual criminal phase of the trial because counsel stipulated to Ogle's seven prior qualifying convictions, allegedly without Ogle's consent, and counsel refused to let Ogle testify in his own defense. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court announced that the standard for ineffective assistance of counsel has two prongs: first, "the defendant must show that counsel's representation fell below an objective standard of reasonableness," id. at 688; and second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. See also Bean v. Foltz, 832 F.2d 1401, 1408-09 (6th Cir.1987); Blackburn v. Foltz, 828 F.2d 1177, 1180-81 (6th Cir.1987), cert. denied, 56 U.S.L.W. 3648 (March 22, 1988). Ogle's claim fails on both prongs.
 
 
 14
 First, Ogle's argument that his trial counsel's performance was not objectively reasonable is premised on his factual contentions that counsel stipulated to the prior convictions without his consent, and that contrary to Ogle's desire, counsel refused to let him testify. In the post-conviction proceedings, however, the state courts rejected Ogle's contentions, adopting instead the version of Ogle's trial counsel who testified that he had discussed with Ogle both the reasons for the stipulation and why Ogle should not testify. Upon reviewing the record, the district court concluded that these factual findings did not fall within any of the exceptions of section 2254(d), and thus were presumptively correct. We agree. Since counsel's actions come within the broad range of tactical decisions left to trial counsel, see Washington, 466 U.S. at 689-90, we hold that the performance of counsel did not fall below an objective standard of reasonableness.
 
 
 15
 Even if we were not entirely convinced that Ogle's counsel satisfied the reasonableness prong of the constitutional standard, we would still reject Ogle's claim since he has not made the requisite showing of prejudice. Tennessee's habitual criminal statute requires only three qualifying convictions. See T.C.A. Sec. 39-1-801. Ogle does not contend that he had less than three, and the record reflects seven. Thus, even if we were to conclude that his counsel had erred, we would still be constrained to find no constitutional violation. Ogle has simply not shown a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See Washington, 466 U.S. at 694.
 
 
 16
 The remaining claims of ineffective assistance are similarly without merit. Accordingly, we affirm the district court's conclusion that Ogle received constitutionally effective assistance of counsel.
 
 
 17
 Finally, Ogle claims that the district court erred in not appointing counsel to pursue his petition. Under Rule 8(c), Rules Governing Sec. 2254 Cases, however, appointment of counsel is mandatory only if an evidentiary hearing is required and the petitioner qualifies for counsel under 18 U.S.C. Sec. 3006A(g). Otherwise, counsel is necessary only "if the interest of justice so requires."
 
 
 18
 Ogle first contends that an evidentiary hearing was necessary to dispose of his petition. As we have indicated, however, we agree with the district court that the state-court factual findings are not assailable under the statutory exceptions to the presumption of correctness. Therefore, no evidentiary hearing was required. See McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987).
 
 
 19
 Alternatively, Ogle claims that the refusal to appoint counsel was contrary to the interest of justice because, in his view, the district court denied his petition for a failure to allege the applicability of specific statutory exceptions to the presumption of correctness. Although the district court did state that Ogle had failed to plead the exceptions, the court's decision clearly reveals that the court undertook an independent review of the record and determined that none of the statutory exceptions was applicable. Under these circumstances, it cannot fairly be said that the court denied Ogle's petition for a technical pleading deficiency. Accordingly, the refusal to appoint counsel was not an abuse of discretion.
 
 
 20
 For the foregoing reasons, the decision of the district court is AFFIRMED.