876 F.2d 103
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tony DANGELO, Jr., Petitioner-Appellant,
v.
STATE OF OHIO, Respondent-Appellee.
 No. 89-3198.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1989.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Tony Dangelo moves for in forma pauperis status on appeal from the district court's order dismissing his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 After a bench trial, a Summit County, Ohio, judge found the petitioner guilty of first degree rape of a minor. He sentenced the petitioner to life imprisonment. The petitioner appealed to the state appellate court which affirmed his conviction. The petitioner did not appeal to the Ohio Supreme Court.
 
 
 3
 In the district court, the petitioner raised the issue of the sufficiency of the evidence to support the conviction. The respondent moved to dismiss the petition for failure to exhaust state remedies. The district court entered an order dismissing the petition on the grounds suggested by the respondent.
 
 
 4
 The general rule is that a state prisoner must exhaust available state remedies before a federal court will entertain the prisoner's petition for a writ of habeas corpus. Picard v. Connor, 404 U.S. 270, 275 (1971). The state's highest court must have an opportunity to review the claims. Castille v. Peoples, 109 S.Ct. 1056, 1060 (1989). Nevertheless, a petitioner must exhaust only those remedies that are still available. Keener v. Ridenour, 594 F.2d 581, 584 (6th Cir.1979).
 
 
 5
 Ohio does give the petitioner the right to make a delayed appeal to the state supreme court. Ohio Sup.Ct.R. II, Sec. 8. Because the petitioner has not filed a delayed appeal, he has not exhausted his state remedies. Therefore, the district court correctly dismissed the petition. Pillette v. Foltz, 824 F.2d 494, 498 (6th Cir.1987).
 
 
 6
 The motion for in forma pauperis status is granted. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.