893 F.2d 1335
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William V. SPROUSE, Petitioner-Appellant,
v.
Norris McMACKIN, Respondent-Appellee.
 No. 88-3769.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner, an Ohio prisoner who is represented by counsel, appeals the dismissal of his petition for a writ of habeas corpus filed pursuant to 42 U.S.C. Sec. 2254. Petitioner was indicted by a grand jury on two counts of aggravated burglary, one count of robbery, and one count of grand theft. He pleaded guilty to burglary as a lesser included offense of the two counts of aggravated burglary. The two remaining counts were dropped. Petitioner was sentenced to two consecutive terms of two to fifteen years imprisonment. Petitioner did not file a direct appeal. However, petitioner filed a petition for post-conviction relief pursuant to Ohio Rev.Code Ann. Sec. 2953.21. The Court of Common Pleas dismissed the petition. The Ohio Court of Appeals affirmed. The Supreme Court of Ohio sua sponte denied discretionary review because no substantial constitutional question existed.
 
 
 3
 Thereafter, petitioner filed the instant habeas petition arguing that: 1) his conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequences of the plea; 2) his conviction was obtained by a violation of the privilege against self-incrimination; and 3) he was denied a right of appeal. The district court dismissed the petition because petitioner had failed to exhaust available state court remedies.
 
 
 4
 Upon review, we affirm the district court's judgment. The petitioner clearly has not presented each of his claims to the Ohio state courts. See Rudolph v. Parke, 856 F.2d 738, 739-40 (6th Cir.1988); Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987). The record, particularly the petition for habeas relief, indicates that petitioner never filed a direct appeal. The record further indicates that grounds two and three were never raised in petitioner's post-conviction proceedings. Furthermore, contrary to petitioner's claim, there is authority from the Ohio appellate courts which holds that petitioner may still pursue his claims by filing a delayed appeal pursuant to Ohio R.App.P. 5(A). See State v. Carter, 60 Ohio St.2d 34, 396 N.E.2d 757 (1979); State v. Rainey, 3 Ohio App.3d 441, 446 N.E.2d 188 (1982). These Ohio appellate decisions demonstrate that Ohio courts are inclined to grant a delayed appeal pursuant to Ohio R.App.P. 5(A) in cases where a defendant has pleaded guilty and subsequently asserts a violation of a constitutional right in connection with his guilty plea. Ohio R.App.P. 5(A) clearly provides that where there has not been a timely appeal as of right, appeal may be had by leave of court for good cause shown.
 
 
 5
 Because petitioner has presented two issues which were not presented to the Ohio state courts and because he still has available to him a remedy via a delayed appeal the district court properly dismissed his entire petition for failure to comply with the total exhaustion rule. See Rose v. Lundy, 455 U.S. 509 (1982). Furthermore, no exception exists which would warrant dispensing with the exhaustion requirement. See Granberry v. Greer, 481 U.S. 129 (1987).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.