899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Leo POTTINGER, Petitioner-Appellant,
v.
WARDEN, NORTHPOINT TRAINING CENTER, Attorney General, of
Kentucky, Respondents-Appellees.
 No. 89-5622.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1990.
 
 Before BOYCE F. MARTIN, Jr., and NATHANIEL R. JONES, Circuit Judges, and JOHN FEIKENS, Senior District Judge.*
 ORDER
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Charles Leo Pottinger appeals the dismissal of his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Pottinger alleged, inter alia, that an attorney gave improper testimony during Pottinger's 1987 persistent felony offender trial. The attorney testified that it was his usual practice to advise clients pleading guilty to criminal offenses of their constitutional rights and, since the attorney represented Pottinger at certain 1975 guilty pleas, he must have advised Pottinger of his constitutional rights before the pleas. Pottinger alleged that this testimony was inadmissible evidence of habit. The district court rejected this claim and other claims raised by Pottinger and granted summary judgment for respondents.
 
 
 1
 On appeal, petitioner contends that the 1975 guilty pleas were not knowing and voluntary. Petitioner contends that the record does not reveal a knowing and voluntary waiver of his constitutional rights as required under Boykin v. Alabama, 395 U.S. 238 (1969). However, a Boykin challenge to the 1975 convictions was not asserted in the district court and will not be addressed in the first instance on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987). Also, petitioner is collaterally attacking the 1975 convictions in the state courts and has not exhausted his state-court remedies. See Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987).
 
 
 2
 Other issues raised in the district court but not reiterated on appeal are deemed waived. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 3
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation