911 F.2d 731
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry D. CURRINGTON, Petitioner-Appellant,
v.
Theodore KOEHLER, Warden, Respondent-Appellee.
 No. 89-2121.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Larry D. Currington is a pro se Michigan prisoner who appeals the district court's denial of a petition for a writ of habeas corpus that he had filed under 28 U.S.C. Sec. 2254. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In his petition, Currington alleged two grounds for relief: 1) that incriminating evidence was seized as a result of his unlawful arrest and detention on a misdemeanor charge and that counsel was ineffective because he did not object to the admission of this evidence; and 2) that he was prejudiced by the prosecution's closing argument which appealed to the jurors' civic duty. Currington subsequently filed a motion for partial summary judgment in which he presented arguments supporting his first ground for relief. The district court construed this motion as a motion to file an amended petition and granted the motion on that basis. On September 15, 1989, the court denied the petition as amended because it found that Currington had not exhausted all of his claims by presenting them to the Michigan courts. It is from this judgment that Currington now appeals.
 
 
 3
 A careful review of the record indicates that Currington's original petition contained a claim for ineffective assistance of counsel which has not been presented to the Michigan Supreme Court. Currington's failure to exhaust even this one claim is grounds for dismissal under the total exhaustion rule. Rose v. Lundy, 455 U.S. 509, 522 (1982). The same claim under the same theory must be presented to the state courts to satisfy the exhaustion requirement. Pillette v. Foltz, 824 F.2d 494, 497 (6th Cir.1987). Dismissal was appropriate in the instant case because Currington's sixth amendment claim is predicated on additional facts and on a completely different legal theory than his fourth amendment claims. Cf. Kimmelman v. Morrison, 477 U.S. 365, 382-83 (1986).
 
 
 4
 Accordingly, it is hereby ORDERED that the judgment denying Currington's petition is affirmed for the reasons stated in the district court's memorandum opinion which was filed on September 15, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.