920 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny Dean YOST, Petitioner-Appellant,
v.
Dewey SOWDERS, Barbara W. Jones, Attorney General of
Kentucky, Attorney General of Louisiana,
Respondents-Appellees.
 No. 90-5800.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1990.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Danny Dean Yost is a pro se Kentucky prisoner who appeals the denial of a habeas corpus petition that he had filed under 28 U.S.C. Sec. 2254. His case has been submitted to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the appellant's brief, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, Yost was convicted of first-degree burglary and theft. He is now serving a sentence of 12 years imprisonment on these Kentucky charges. In May of 1989, Yost was extradited to Louisiana to face charges in that state. However, it was soon discovered that Yost's extradition contradicted a ruling of the Boyle County, Kentucky, District Court; and Yost was returned to Kentucky after approximately three weeks.
 
 
 3
 In his petition, Yost argued that his continued incarceration in Kentucky is unconstitutional because Kentucky officials did not follow correct procedures in affecting his return from Louisiana. On March 15, 1990, the district court denied his petition and, on June 8, 1990, the court entered an order denying Yost's motion for reconsideration. It is from this order that Yost now appeals.
 
 
 4
 Yost's brief on appeal contains a request for counsel. In addition, Yost has filed a motion to amend his habeas petition to include an assertion that Louisiana has not joined the Interstate Agreement on Detainers ("IAD"). However, granting the motion to amend would not cure either the substantive or the procedural defects that require dismissal of Yost's petition.
 
 
 5
 In denying the petition, the district court correctly held that a violation of the IAD is not cognizable as a ground for habeas corpus relief under 28 U.S.C. Sec. 2254. See Browning v. Foltz, 837 F.2d 276, 283 (6th Cir.1988), cert. denied, 488 U.S. 1018 (1989). Moreover, denial was appropriate even if Yost's argument is based on the state court's ruling rather than the IAD because his petition is premised in either case on a question of state law that is generally not sufficient for habeas corpus relief. See Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir.1988); cf. Crady v. Cranfill, 371 S.W.2d 640, 643 (Ky.1963).
 
 
 6
 In addition, denial of the petition was appropriate because Yost has not exhausted his state remedies. See Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987). In his pleadings, Yost argued that he was not required to exhaust his remedies because the state court had ruled in his favor when it blocked his extradition to Louisiana. However, this argument is unavailing because the same claim, under the same theory, must be presented to the state courts to satisfy the exhaustion requirement. Id. at 497.
 
 
 7
 Two other matters merit brief discussion. First, Yost's petition and notice of appeal name several persons as defendants and appellees other than the warden of his prison. These individuals are not proper parties to the petition. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 810-11 (D.C.Cir.1988). Second, the Louisiana courts provide the most appropriate forum for any claim regarding Yost's Louisiana charges or detainer that may be implied from his petition. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497-501 (1973).
 
 
 8
 Accordingly, Yost's request for counsel and his motion to amend are hereby denied, and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.