932 F.2d 967
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Isac DAVIS, Petitioner-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, Frank J. Kelley,
Attorney General, for the State of Michigan,
Barbara Bouchard, Respondents-Appellees.
 No. 91-1056.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1991.
 
 1
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 Isac Davis, a pro se Michigan prisoner, appeals the district court's order dismissing his petitions for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Davis was convicted on November 14, 1988 in the Circuit Court of Kalamazoo (Michigan) of larceny in a building and being a second felony offender following a plea of nolo contendere. He was sentenced to 4-6 years imprisonment. Davis did not appeal his conviction to the Michigan state courts and claims that such an appeal would be futile.
 
 
 4
 Davis filed a petition for habeas corpus in federal district court on June 26, 1989. He alleged that the state court's fact-finding procedures were "fatally flawed" and violated his constitutional rights to confrontation and due process because: (a) documents used to waive his rights were forged, and (b) he was extradited from Toledo, Ohio under a "false misleading bench warrant." Davis further alleged that he received ineffective assistance of counsel, but did not elaborate further on the supporting facts of this claim.
 
 
 5
 The magistrate issued an order on July 18, 1989 stating his intention to recommend that Davis's petition be dismissed unless Davis amended his petition within 30 days to specifically identify why exhaustion of available state remedies would be futile. In a separate order filed the same day, the magistrate consolidated Davis's habeas petition with a complaint he filed under 42 U.S.C. Sec. 1983 seeking damages for the same constitutional violations alleged in his habeas petition. Davis's amended petition repeated the allegations of his original petition. The only explanation offered for his failure to exhaust state remedies was that his attempts to obtain a transcript at government expense from the state had been unsuccessful. Finally, Davis opposed the consolidation of his cases as "improper."
 
 
 6
 The respondent submitted a motion to dismiss Davis's petition along with affidavits from the clerks of the Michigan Court of Appeals and the Michigan Supreme Court which indicated that no appeal from Davis's conviction had ever been filed. In a report and recommendation filed on June 25, 1990, the magistrate recommended that Davis's petition be dismissed for failure to exhaust state remedies. However, following timely objections by Davis, the magistrate vacated his report and ordered the parties to brief the issue of whether a state remedy remained available to Davis.
 
 
 7
 On September 25, 1990, the magistrate issued another report and recommendation. He noted that the present record did not indicate why the Michigan courts had not responded to Davis's request for a transcript. Nonetheless, since it appeared that Davis still had adequate means to present his claims to the state courts, the magistrate recommended that Davis's petition be dismissed for failure to exhaust state remedies.
 
 
 8
 Following timely objections and a de novo review, the district court adopted the magistrate's report and recommendation and dismissed the petitions in an opinion and order filed on November 28, 1990. The court noted in its opinion that requesting a transcript does not substitute for appealing a conviction.
 
 
 9
 On appeal, Davis argues that he cannot appeal without a transcript, which the state court refused to provide. He continues to argue the merits of his petition and requests leave to proceed without prepayment of fees, the appointment of counsel, and a transcript at government expense in his brief. He has filed no affidavit demonstrating indigency. Davis has also submitted a separate motion for the appointment of counsel.
 
 
 10
 Upon consideration, we affirm the district court's order because Davis failed to exhaust his available state remedies before filing his federal habeas petition. 28 U.S.C. Sec. 2254(b); Rose v. Lundy, 455 U.S. 509 (1982).
 
 
 11
 The record clearly indicates that Davis never appealed his conviction to the state courts. His only explanation for this omission is an unsubstantiated assertion that submission of his claims to the Michigan courts would be futile. Dismissal for lack of exhaustion is proper where a prisoner fails to proffer sufficient grounds for finding futility of exhausting available state remedies. Pillette v. Foltz, 824 F.2d 494, 498 (6th Cir.1987).
 
 
 12
 Although the time for a direct appeal from Davis's conviction has run, see Mich.R.Ct.-State 7.204(A)(2) (West 1990), Davis does have a remedy remaining. Michigan has recently instituted a post-conviction review procedure which Davis may use to properly present his issues before the Michigan courts. Mich.R.Ct.-State 6.500-6.509 (West 1990).
 
 
 13
 Accordingly, the request for in forma pauperis status is granted for the limited purpose of reviewing this appeal. Davis's motion for the appointment of counsel and his request for a transcript at government expense are denied. The district court's order, filed on November 28, 1990 and entered on December 3, 1990, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation