956 F.2d 268
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin COURTRIGHT, Petitioner-Appellant,
v.
Terry L. MORRIS, Warden, Respondent-Appellee.
 No. 91-3346.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1992.
 
 Before MERRITT, Chief Judge, and SUHRHEINRICH and SILER, Circuit Judges.
 
 ORDER
 
 1
 Kevin Courtright, an Ohio state prisoner, appeals through counsel the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Courtright was convicted following a jury trial of aggravated murder with a death penalty specification and kidnapping with a firearm specification; he was sentenced to consecutive terms of thirty years to life, ten to twenty-five, and three years, respectively. His conviction was affirmed on direct appeal. In this habeas petition, he argued that his statements to the police admitted at trial were involuntary because they were obtained in violation of his Sixth Amendment right to counsel and were based on a false promise of immunity. The district court, in denying the petition, rejected the Sixth Amendment claim on its merits, and declined to consider the Fifth Amendment claim that the statements were involuntary, as that claim had not been presented to the state courts. On appeal, Courtright contends that his Fifth Amendment claim was properly presented to the state courts and that the district court erred in not considering it on the merits.
 
 
 3
 The record in this case shows that the Fifth Amendment claim was not raised in Courtright's direct appeal to the Ohio Court of Appeals or Supreme Court. In order to exhaust state remedies, a petitioner must present the legal and factual substance of every claim to all levels of state court review. Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987). Because Courtright did not raise this claim in his direct appeal, he is now barred from raising it in the Ohio courts, and it may not form the basis for federal habeas relief absent a showing of cause and prejudice to excuse the procedural default. See Murray v. Carrier, 477 U.S. 478, 489-91 (1986). Courtright has failed to show any cause for his procedural default, or to present any claim of actual innocence. See Murray, 477 U.S. at 495-96. The district court was therefore correct in not addressing this claim.
 
 
 4
 Courtright has not raised his Sixth Amendment claim on appeal. It is therefore considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). As the only argument on appeal has been found lacking in merit, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.