972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis Lee HELWIG, Jr., Petitioner-Appellant,
v.
Robert LECUREUX, Respondent-Appellee.
 No. 92-1175.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1992.
 
 1
 Before KEITH and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. He requests leave to proceed in forma pauperis on the appeal. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a bench trial in 1986, Dennis Lee Helwig, Jr., was found guilty but mentally ill on charges of first degree murder, assault with intent to commit murder, and possession of a firearm during commission of a felony. He was sentenced to serve life imprisonment plus two years for the felony firearm conviction. The convictions were affirmed by the Michigan Court of Appeals after consideration of an appeal filed by appointed counsel. The Michigan Supreme Court denied leave to appeal.
 
 
 4
 Helwig filed an application for a writ of habeas corpus in which he raised a claim of ineffective assistance of appellate counsel based on counsel's failure to present requested issues on direct appeal. He also presented as grounds for relief the specific issues which counsel had allegedly failed to raise. The district court dismissed the petition for failure to exhaust state court remedies. The district court's dismissal was affirmed on appeal. Helwig v. Quarles, No. 88-1716 (6th Cir. Oct. 18, 1988), cert. denied, 489 U.S. 1030 (1989).
 
 
 5
 On April 20, 1989, Helwig filed the petition for a writ of habeas corpus which is the subject of the present appeal. He acknowledged that he did not seek further review in state courts because such review would be futile. He included the same claims as presented in his prior petition.
 
 
 6
 Upon review, we conclude that dismissal was proper because Helwig again failed to exhaust his available state remedies before filing his federal habeas petition. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 510 (1982).
 
 
 7
 Helwig argues that it would be futile to seek further review in the state courts because the Michigan courts failed to provide him with a copy of his trial transcript. His argument lacks merit. Dismissal for lack of exhaustion is proper where a prisoner fails to proffer sufficient grounds for finding futility of exhausting available state remedies. Pillette v. Foltz, 824 F.2d 494, 498 (6th Cir.1987). The state courts' alleged failure to respond to Helwig's requests for a transcript falls short of establishing that Helwig could not obtain state court review of his claims.
 
 
 8
 Accordingly, the request for pauper status is granted, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation