7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward D. STIMAC; Phyllis Stimac, Plaintiffs-Appellants,
v.
Earl Myron BOSTICK; State of Michigan; Douglas M. Black;
Edward G. Maccallum; Maureen E. Maccallum; Timothy T.
Clayton; Janet Clayton; T & J Incorporated; Bruce Saller;
James Haggerty; Dianne Salisbury; Phillip Hatt; Patricia
Barello; Daniel Barello; St. Clair County Prosecutors
Office; St. Clair County Sheriff's Department; Peter E.
Deegan, Judge; Cynthia Siemen Platzer; Marshall Barrymore;
Donald W. Sheldon; Sharon M. Parrish; Roman S. Karwowshi;
William F. Branch; M. Robison, Michigan State Police
Colonel, Defendants-Appellees.
 No. 93-1041.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1993.
 
 Before: KEITH, GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Edward D. Stimac and Phyllis Stimac, husband and wife, Michigan citizens, move for the appointment of counsel on appeal from the dismissal of their complaint alleging violations of their civil rights and the civil RICO statute, and asserting several state law claims. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The Stimacs sought thirty million dollars in damages from the above defendants, all of whom were in some way involved in the 1989 state convictions of the Stimacs on charges arising out of their selling automobiles on which the odometers had been rolled back. They asserted violations of Article VII of the Constitution, the Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments, the civil RICO statute, 42 U.S.C. § 1985, and various state laws. All of the defendants who were served moved for dismissal or summary judgment. The district court, in a thorough, eighteen-page opinion, construing the complaint most leniently, concluded that all of the federal claims were frivolous within the meaning of 28 U.S.C. § 1915(d) and dismissed the pendent state law claims without prejudice. On appeal, the Stimacs filed a motion which was construed as one seeking leave to proceed in forma pauperis and which was denied by a previous order of this court. The Stimacs then paid the filing fee.
 
 
 3
 Upon review, it is concluded that the complaint was properly dismissed as frivolous, as it lacked an arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The allegations of invasion of privacy during the criminal investigation, illegal seizure of one of the automobiles, and excessive force during arrest were all barred by the three-year statute of limitations applicable to civil rights actions filed in Michigan. See Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986). The claims alleging violations of Miranda rights, denial of effective assistance of counsel, and denial of due process during the criminal proceedings were all essentially challenges to the criminal convictions and were properly construed as habeas corpus claims. See Tucker v. Carlson, 925 F.2d 330, 331-32 (9th Cir.1991). As such, the claims were subject to dismissal for failure to exhaust state court remedies. See Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987).
 
 
 4
 For these and all the other reasons well-stated in the district court's opinion, the dismissal of the complaint is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. The motion for counsel is denied. Defendant Sheldon's request for sanctions is denied. Defendants Platzer and Sheldon are instructed to submit bills of costs within fourteen days of the entry date of this order.