95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rickie OFFILL, Petitioner-Appellant,
v.
Ron EDWARDS, Warden, Respondent-Appellee.
 No. 95-4068.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1996.
 
 Before: LIVELY, KENNEDY, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rickie Offill appeals the district court's denial of his writ of habeas corpus. He claims that the Ohio courts should have granted a delayed appeal of his conviction. For the reasons stated hereafter, this court AFFIRMS.
 
 
 2
 In 1983 Offill pled guilty to two counts of aggravated drug trafficking. The Ohio state court sentenced Offill to a term of one to ten years on the first count and one to five years on the second count, to be served concurrently. His sentence was suspended, and the court placed him on probation. In 1987 his probation was revoked, and he was ordered to serve out his original sentence.
 
 
 3
 On October 12, 1993, Offill moved for a delayed appeal of his 1983 judgment and sentence. He argued that the trial court and his lawyer failed to inform him of his right to choose between a definite and indefinite sentence. OHIO REV.CODE § 2929.61(C). The Ohio Court of Appeals denied Offill's motion for leave to file a delayed appeal, and the Ohio Supreme Court denied Offill leave to appeal the appellate court's decision. Offill filed this action with the district court on October 31, 1994. The district court concluded that Offill's claims were without merit, and denied his motion to alter or amend the decision.
 
 
 4
 If a habeas petitioner can no longer present his claim to a state court because of a procedural default, he has waived the issue for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. Murray v. Carrier, 477 U.S. 478, 485 (1986). In other words, the cause and prejudice test is applicable where a state prisoner has failed to comply with an independent and adequate state procedural rule, thus causing him to lose review of his federal claims in state court. Coleman v. Thompson, 501 U.S. 722, 750 (1991).
 
 
 5
 Such a default occurs when, as alleged in the instant case, the prisoner files an untimely appeal. Id. In Ohio, criminal appeals filed outside the thirty day time limit may be taken only by leave of the court. OHIO R.APP.P. (5)(A). Offill did not timely appeal his sentence; he sought leave of the Ohio Court of Appeals ten years after his original sentence was handed down and six years after his probation was revoked.
 
 
 6
 Offill bases his habeas argument on the premise that because Rule 5(A) establishes no standard by which Ohio appellate courts should grant leave for a delayed appeal, the federal courts could not sufficiently review the decisions of the state courts to determine if Offill complied with such a rule. It is true that Rule 5(A) "clearly provides that where there has not been a timely appeal as of right, appeal may be had by leave of court for good cause shown." Sprouse v. McMackin, 893 F.2d 1335, 1990 WL 4054, at ** 1 (6th Cir.1990) (unpublished); see State v. Ross, No. 93-C-73, 1994 WL 424063 (Ohio Ct.App. Aug. 11, 1994) (granting delayed appeal eight years after conviction). Ohio appellate courts need not explain their reasoning for denying motions for a delayed appeal pursuant to Rule 5(A). This discretion, according to Offill, effectively prevents the federal courts from determining whether he complied with the procedural rule.
 
 
 7
 Offill does not cite any case law that suggests that the discretion given to Ohio appellate courts with regard to delayed appeals precludes the operation of the procedural bar in habeas corpus proceedings. The district court found that Offill's affidavit was lacking in any effort to show good cause for his delayed appeal. This court agrees that Offill is unable to demonstrate cause for the procedural default, not to mention actual prejudice resulting from the alleged constitutional error, and the district court rightfully refused review of this claim in federal court.
 
 
 8
 AFFIRMED.