RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0410P (6th Cir.)
File Name: 03a0410p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ROBERT LEE CAVER,
  *Petitioner-Appellee,*

*v.*

No. 01-2649

DENNIS M. STRAUB, Warden,
  *Respondent-Appellant.*

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-70903—Arthur J. Tarnow, District Judge.

Argued: May 2, 2003

Decided and Filed: November 19, 2003

Before: MOORE and ROGERS, Circuit Judges; HOOD,
District Judge.*

---

## COUNSEL

**ARGUED:** Debra M. Gagliardi, OFFICE OF THE
ATTORNEY GENERAL, Lansing, Michigan, for Appellant.

---

* The Honorable Joseph M. Hood, United States District Judge for the
Eastern District of Kentucky, sitting by designation.

Elizabeth L. Jacobs, Detroit, Michigan, for Appellee.
**ON BRIEF:** Debra M. Gagliardi, OFFICE OF THE
ATTORNEY GENERAL, Lansing, Michigan, for Appellant.
Elizabeth L. Jacobs, Detroit, Michigan, for Appellee.

HOOD, D. J., delivered the opinion of the court, in which
MOORE, J., joined. ROGERS, J. (pp. 22-23), delivered a
separate concurring opinion.

---

## OPINION

---

HOOD, District Judge. Robert Lee Caver was convicted
for violating Michigan Compiled Laws § 750.89, assault with
intent to rob being armed. After exhausting his direct and
state-collateral appeals, Caver filed a federal petition for a
writ of habeas corpus, alleging the ineffectiveness of his trial
and appellate counsel. The district court below found that
Caver had demonstrated cause and prejudice sufficient to
excuse the procedural default of his ineffective assistance of
trial counsel claim by demonstrating the ineffectiveness of his
appellate counsel. Accordingly, the district court granted
Caver's petition for a writ of habeas corpus under 28 U.S.C.
§ 2254. The Michigan Attorney General appeals from the
district court decision, arguing that (1) the ineffective
assistance of appellate counsel claim was procedurally
defaulted, and (2) assuming that the ineffective assistance of
appellate counsel claim was not procedurally defaulted, the
district court erred in finding that the state collateral courts
had unreasonably applied clearly established federal law. For
the reasons that follow, we affirm.

### I. Factual and Procedural History

On October 1, 1992, Robert Lee Caver was convicted in the
Detroit Recorder's Court of assault with intent to commit
armed robbery and two counts of attempted assault with

intent to commit armed robbery. Caver was prosecuted for entering and looting a local drug house with two other men while impersonating federal law enforcement agents. Caver is currently imprisoned only for assault with intent to commit armed robbery, as he has completed his sentences on the remaining convictions.

Caver directly appealed his convictions, asserting that the trial court erred in instructing the jury and that there was insufficient evidence regarding assault to support the verdict. The Michigan Court of Appeals affirmed Caver's convictions. Caver then filed a delayed, pro se application for leave to appeal to the Michigan Supreme Court. Caver's application reasserted the earlier-alleged errors plus two new issues. One claim asserted that Caver's appellate counsel, Neil Leithauser, had failed to investigate certain allegedly meritorious issues. While he did generally state that he had wished to pursue an ineffective assistance of trial counsel claim, Caver did not allege that Leithauser failed to investigate or pursue the absence of Caver's trial counsel, Samuel Simon, during court's response to the jury note or during the subsequent jury re-instruction. The Michigan Supreme Court denied Caver's delayed application for leave to appeal.

Next, Caver filed a motion for relief from judgment in the trial court, alleging, *inter alia*, the ineffectiveness of his trial and appellate counsel. The motion referred to two instances of trial counsel ineffectiveness relevant to this appeal:

Defendant Caver's Trial Counsel ...

(9) Failed to be present during Open Court proceeding's [sic] (during Jury Instructions), Counsel wasn't present and Defendant was placed back in [sic] bullpen, and Defendant nor Counsel [sic] present during open court proceedings of his trial;

...

(11) Failed to remain with Defendant immediately after jury retired to deliberate, where within minutes the Jury sent a note requesting to see evidence etc.. [sic] and Counsel was not present....

Caver based his claim of ineffective appellate counsel on his appellate attorney's failure to raise these issues of ineffective trial counsel. The trial court denied Caver's motion, finding that Caver had not demonstrated the "good cause" or prejudice required under M.C.R. 6.508(D)[1] to excuse his failure to present the issues on his direct appeal. The court also concluded that Caver's ineffective assistance of trial counsel claim was without merit and could not satisfy the "good cause" requirement of M.C.R. 6.508(D)(3) "because appellate counsel is not required to raise every non-frivolous issue on appeal." *Jones v. Barnes*, 463 U.S. 795 (1983). The Michigan Court of Appeal denied Caver's delayed appeal and his motion for rehearing, which was, in substance, identical to his brief before the district court. The appellate court concluded that Caver had failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D).

---

[1]"Subchapter 6.500 of the Michigan Court Rules establishes the procedures for pursuing post-appeal relief from criminal convictions. The subchapter is the exclusive means to challenge a conviction in Michigan once a defendant has exhausted the normal appellate process." *People v. Reed*, 499 N.W.2d 441, 443 n.1 (Mich. Ct. App. 1993), *aff'd* 535 N.W.2d 496 (1995). Michigan Court Rule 6.508(D) limits the court's ability to grant relief. *See* M.C.R. 6.508(D). The rule reads, in pertinent part,

The court may not grant relief to the defendant if the motion:
...
(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
    (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
    (b) actual prejudice from the alleged irregularities that support the claim for relief.

*Id*.

Caver then filed an application for leave to appeal to the Michigan Supreme Court. This application was notably different from Caver's earlier briefs in that Caver separated the presentation of his ineffective assistance of trial counsel claims and his ineffective assistance of appellate counsel claims. In treating his trial counsel claims, Caver again presented paragraphs nine and eleven, which alleged the absence of trial counsel when the court received a note back from the jury and again when the court went on to re-instruct the jury. Caver's treatment of his appellate counsel claims, however differed from his earlier applications. In Caver's application to the Michigan Supreme Court, unlike his earlier claims, he failed to argue that appellate counsel was ineffective for failing to present the ineffectiveness of Caver's trial counsel for being absent during critical stages of the trial. Instead, Caver asserted that appellate counsel was ineffective in not alleging trial counsel's ineffectiveness in failing to object to certain testimony, failing to cross-examine witnesses, and failing to investigate the illegality of Caver's arrest and his alibi. Caver also asserted appellate counsel's ineffectiveness in failing to assert error respecting the trial court's refusal to allow the testimony of *res gestae* witnesses. Caver's application did also provide general statements of his appellate counsel's ineffectiveness,[2] but these general statements appear to be in connection with his specifically-alleged instances of appellate counsel's ineffectiveness. The Michigan Supreme Court denied Caver's application for leave to appeal, concluding that Caver had failed to meet his burden under M.C.R. 6.508(D).

On February 17, 2000, Caver filed a petition for a writ of habeas corpus with the United States District Court for the Eastern District of Michigan, alleging ineffective assistance of trial and appellate counsel, among other constitutional

---

[2] For example, Caver did argue that "defendant was denied his Sixth Amendment right to effective assistance of appellate counsel when his attorney failed to adequately and competently represent him."

errors. After an evidentiary hearing, the district court granted Caver's petition. The district court found that Caver's appellate counsel had been ineffective in failing to raise the ineffectiveness of Caver's trial counsel on direct appeal, thus establishing both a separate constitutional defect and cause and prejudice sufficient to excuse the procedural default of Caver's claim of ineffective assistance of trial counsel. The Attorney General now appeals the decision of the district court.

## II.  Standard of Review

Appellate courts, in reviewing federal habeas corpus proceedings, examine the district court's legal conclusions *de novo* and its factual findings under a "clearly erroneous" standard. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996. Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) (relevant portions codified as amended at 28 U.S.C. § 2254). Caver filed his petition for relief on February 17, 2000. Caver's petition, therefore, is governed by 28 U.S.C. § 2254(d)(1), as amended by AEDPA. *See Williams v. Taylor*, 529 U.S. 362, 402 (2000). Under the amended statute, a writ of habeas corpus

> may issue only if ... the state-court adjudication resulted in a decision that either (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."

*Id*. at 412 (quoting 28 U.S.C. § 2254(d)(1)).

## III.  Discussion

### A.  The Court Need Not Reach Whether or Not Caver Procedurally Defaulted His Ineffective Assistance of Appellate Counsel Claims Because the State Failed to Raise the Issue in Proceedings Before the District Court

The Attorney General asserts that Caver did not fairly present, in the state court collateral proceeding, the ineffective assistance of appellate counsel claim upon which the district court relied in granting Caver's petition and that the claim was, thus, procedurally defaulted.  It is true that before seeking federal habeas corpus relief, a state prisoner must exhaust his available state remedies by fairly presenting all claims to the state courts. 28 U.S.C. § 2254(b); *see Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995).  The exhaustion requirement is satisfied after the petitioner fairly presents all claims to the highest court in the state in which the petitioner was convicted, thus giving it a fair and full opportunity to rule on his claims.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The petitioner bears the burden of proving that he has exhausted these remedies.  *See id.*

Caver, however, counters the Attorney General's procedural default argument by noting that issues "raised for the first time on appeal are not properly before the court." *J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1488 (6th Cir. 1991).  A review of the record shows that Respondent did not raise the issue of default before the district court, instead attempting to meet the ineffective assistance of appellate counsel arguments on the merits of the issue.  Accordingly, the Court need not address Caver's alleged procedural default because Respondent did not, in fact, raise the issue in the proceedings before the district court.

### B.  Caver Did Not Procedurally Default His Ineffective Assistance of Trial Counsel Claim

The Attorney General also argues that Caver procedurally defaulted his trial counsel claim.  As described above, exhaustion occurs where a petitioner gives the state courts a fair and full opportunity to rule on his claims by fairly presenting all claims to the highest court in the state in which the petitioner was convicted.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is also satisfied if it is clear that a claim is procedurally barred under state law. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). In such a case, however, the habeas petitioner must overcome the procedural default, an independent and adequate state-law ground for the conviction and sentence that prevents federal habeas corpus review, by demonstrating cause and prejudice for the default.  *Id.* at 162.  This court has previously announced a four part test to determine whether a claim has been procedurally defaulted:

First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.... Second, the court must decide whether the state courts actually enforced the state procedural sanction. ... Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.... [Fourth,] the petitioner must demonstrate under [*Wainwright v.*] *Sykes*, [433 U.S. 72 (1977)] that there was "cause" for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

M.C.R. 6.508(D)(3) governs the procedures for collateral appeals and denies relief if the defendant alleges claims that could have been raised in the direct appeal from the

conviction. *See People v. Jackson*, 633 N.W.2d 825 (Mich. 2001). Specifically, the Attorney General asserts that the issue of denial of counsel during a "critical stage" of the trial was not presented to the state courts.

Ultimately, then, the issue is whether Caver fairly presented the claim to the Michigan courts in his one and only motion for relief from judgment. Fair presentation of an issue requires that a petitioner give state courts a full opportunity to resolve any constitutional issues by invoking "one complete round" of the state's appellate review system. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding that "one complete round" includes discretionary appeal to state supreme court). Fair presentation also requires that "the same claim under the same theory be presented" for the state court's consideration. *Palette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987). Thus, to the extent that an ineffective assistance of counsel claim is based upon a different allegedly ineffective action than the claim presented to the state courts, the claim has not been fairly presented to the state courts. *Id*.

Certainly, the issue was not raised in his direct appeal to the Michigan Court of Appeals. He did, however, raise the issue in his pro se appeal to the Michigan Supreme Court, asserting that he had wanted to present an ineffective assistance of trial counsel claim in his intermediate appeal, but that appellate counsel had denied him that opportunity.[3] Thus, the Attorney

---

[3]Even if he had not, we believe that he has demonstrated by virtue of ineffective assistance of his appellate counsel, as discussed below, "that there was 'cause' for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (citing *Sykes*, 433 U.S. 72 ).

For this reason, the Court also rejects the Attorney General's more nuanced argument; that is, that Caver in his state collateral proceedings did not state that trial counsel was absent during the actual re-instruction of the jury, only that counsel was absent when the trial judge received a note from the jury. Looking again to the less stringent standards and active interpretation that are afforded to the filings of pro se litigants, we are satisfied that Caver's reference to trial counsel's absence during

---

General's argument in this regard must fail. Given the less stringent standards and active interpretation that are afforded to the filings of pro se litigants, *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001), these aspects of Caver's application support a finding that Caver "fairly presented" the trial counsel ineffectiveness claim.

## C.  The District Court Did Not Err in Concluding That the State Court Unreasonably Applied Clearly Established Federal Law

The Attorney General makes two arguments in support of the contention that the district court erred by finding that the state court unreasonably applied clearly established federal law. First, the Attorney General maintains that the state court reasonably applied clearly established federal law in determining that Caver's appellate counsel did not fall below the required standard of professional competence. Next, the Attorney General asserts that the district court erroneously presumed prejudice under *United States v. Cronic,* 466 U.S. 648 (1984), instead of conducting an individualized inquiry.[4]

As noted above, a habeas petition may issue only if the state court decision is contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The phrase "clearly established federal law, as determined by the Supreme Court of the United States" "refers to the holdings, as opposed to the dicta" of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412

---

receipt of the note is sufficient to cover the subsequent events leading up to and including jury re-instruction. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

[4]In this sense, the Attorney General objects to the district court's findings respecting both the performance and prejudice components of Caver's ineffective assistance claim. *See Strickland v. Washington,* 466 U.S. 668 (1984).

(2000). As the Supreme Court has noted, "[i]t is past question that the rule set forth in *Strickland* qualifies as 'clearly established Federal law'" for ineffective assistance of counsel claims. *Id*. at 391. Under the oft-stated *Strickland v. Washington* test, to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). For Caver to succeed, however:

> [H]e must do more than show that he would have satisfied *Strickland*'s test ..., because under §2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner.

*Bell v. Cone*, 535 U.S. 685, 698-99 (2002) (citations omitted).

### 1. *Strickland's* Performance Component

The Supreme Court has made clear that in reviewing a lawyer's performance, a court's "scrutiny . . . must be highly deferential." *Strickland*, 466 U.S. at 689. A fair assessment of attorney performance requires that every effort be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. In relation to appellate counsel, the *Strickland* performance standard does not require an attorney to raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). Indeed, the process of "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail ... is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986)

(quoting *Barnes*, 463 U.S. at 751-752). As the Supreme Court has recently observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2002). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id*. at 289.

In the instant case, there can be little doubt but that the omitted issue - trial counsel's alleged absence during jury re-instruction - was much stronger than the issues Caver's appellate counsel presented.[5] As Caver notes, the first issue presented to the Michigan courts on appeal (whether the court erred in its aiding and abetting instruction) was subject to "plain error" review - a highly deferential standard, to put it mildly. Moreover, the second argument presented on direct appeal, the sufficiency of the evidence, was dependent upon the success of the first issue. (Absent liability as an aider/abettor, there could be no evidence to support a finding of the requisite intent.)

In contrast, because re-instruction of the jury is a critical stage of a proceeding, *see* discussion *infra* Part III.C.2, Caver would have had a far better chance of succeeding on his ineffective assistance claim. Indeed, the largest obstacle to such a claim would have been the vagueness of the trial record with regard to trial counsel's presence or absence during the actual re-instruction of the jury. *See* discussion *infra* Part III.D. While such second-guessing of appellate counsel's evaluation of the facts may seem like the forbidden product of the "distorting effect[] of hindsight," even

---

[5] This is not surprising, given that some courts have suggested that the *Strickland* performance and prejudice prongs tend to blur when considering the performance of appellate counsel, as the prejudice inquiry will generally inform whether appellate counsel met the standard of professional competence. *See United States v. Cook*, 45 F.3d 388, 395 (10th Cir. 1995); *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

assuming that counsel was absent only for the receipt of the jury note the resulting argument would still appear much stronger than a sufficiency of the evidence claim.[6]

## 2. *Strickland's* Prejudice Component

Having determined that the representation of Caver's appellate counsel fell below an objectively reasonable

---

[6] The only explanation for appellate counsel's failure to raise the ineffective assistance of counsel claim may be found in the transcript of the evidentiary hearing at the district court. Petitioner's counsel broached the subject of trial counsel's presence during the jury re-instruction with appellate counsel as follows:

Q.  ...[C]an you tell us why you did not raise the denial of the right to counsel during the supplemental instruction issue?

A.  Well, you have to be more specific.

Q.  There came a time when the jury wanted to be instructed on certain elements of the offense after they had deliberated.

A.  Uh-hum.

Q.  And the transcript reflects that Mr. Caver's attorney was not present during that time period.

A.  I don't see the merit in the issue, I guess would be...

At that point, Petitioner's counsel interrupted the response by stating, "I have no further questions." The Attorney General, prompted by the court, stated, "I have no questions for this witness." Accordingly, we are left to wonder why Petitioner's appellate counsel did not pursue this claim on direct appeal - whether because appellate counsel did not appreciate the merit of the claim or because he understood that Petitioner's counsel was present. Notwithstanding Petitioner's counsel's interruption of the response, the state was left with an opportunity to explore the reasons for his failure to pursue the claim, an opportunity which the Attorney General permitted to slip away. As further discussed *infra*, at footnote 10, we are concerned with the state's failure to take up its residual burden of rebutting that evidence presented on behalf of the petitioner when it was necessary to do so.

standard, we must assess whether this performance prejudiced Caver. The question presented here is whether an appellate counsel prejudices a client where the attorney fails to raise on appeal a claim that the *trial counsel's* representation was per se prejudicial because the trial counsel was absent during a critical stage of the proceedings, namely jury re-instruction. We answer in the affirmative, because but for the appellate counsel's ineffectiveness, there is a reasonable probability that the result of the state appeal may have been different.

On the same day that the Supreme Court in *Strickland* outlined the requirements for an ineffective assistance of counsel claim, it also determined that where counsel is absent at a critical stage of a criminal proceeding the trial will be deemed unfair and prejudice under *Strickland* presumed. *United States v. Cronic*, 466 U.S. 648, 659 & n.26 (1984). The Attorney General challenges the district court's conclusion that jury re-instruction is a "critical stage" such that prejudice is presumed and no individual analysis is required.

A critical stage of a criminal proceeding is "a step of a criminal proceeding, such as arraignment, that h[olds] significant consequences for the accused." *Bell v. Cone*, 535 U.S. 685, 695-96 (2002). Where counsel is absent or denied in such instances, "the likelihood that the verdict is unreliable is so high that a case-by-case inquiry [of prejudice to the defendant] is unnecessary." *Mickens v. Taylor*, 535 U.S. 162, 166 (2002) (citing *Cronic*, 466 U.S. at 658-59 & 659 n.26). The "individual inquiry into whether counsel's inadequate performance undermined the reliability of the verdict" is forgone only in such cases. *Id*.

Is jury re-instruction a "critical stage" under *Cronic*? While the Supreme Court has not expressly considered whether jury reinstruction, as it is understood in this matter, is a critical stage, this court recently determined - in a decision squarely on-point and founded on the U.S. Supreme Court's decision

in *Cronic* - that it is.[7] *French v. Jones*, 332 F.3d 430 (6th Cir. 2003). On remand from the Supreme Court, which had vacated the original appellate opinion in *French* and remanded for reconsideration in light of the Supreme Court's decision in *Bell v. Cone*, 535 U.S. 685 (2002), this court reiterated its previous decision holding that jury re-instruction was indeed a "critical stage" as described in *Cronic* and that prejudice could be presumed. *French*, 332 F.3d at 438-39. Again, we note that the Supreme Court has "uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." *French*, 332 F.3d at 436 (*quoting United States v. Cronic*, 466 U.S. 648, 659 n.25 (1984)). This is to say, under *Cronic*, that if Petitioner's trial counsel was, indeed, absent during the re-instruction, a structural error occurred in the trial court proceeding, and either relief from judgment or a writ of

---

[7]Anticipating concerns about whether or not this properly constitutes "clearly established Federal law, as determined by the Supreme Court of the United States," we note that the *Cronic* court has only carved out a broad rule, a rule that must be applied in the many factually distinct situations that will come before the lower courts. 28 U.S.C. § 2254(d)(1). "[R]ules of law may be sufficiently clear for habeas purposes even when they are expressed in terms of a generalized standard rather than as a bright-line rule." *Williams v. Taylor*, 529 U.S. 362, 382 (2000). Accordingly, such a rule of law can "tolerate a number of specific applications without saying that those applications themselves create a new rule...." *Id*. (quotation omitted). The Supreme Court has rejected a requirement that the facts of prior cases be "fundamentally similar" or "materially similar" in order to constitute "clearly established law." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (fair warning of unconstitutional conduct required where officials seek qualified immunity from suit in cases under 42 U.S.C. § 1983). For this reason, we believe that our focus on the absence *per se* of trial counsel during jury reinstruction makes this a "tolerable application" of *Cronic* within the requirements of § 2254(d)(1).

habeas corpus could be properly granted on this ground.[8] Any conclusion otherwise would be an unreasonable application of clearly established federal law as stated in *Cronic*.

Because prejudice is presumed and because, as outlined above, appellate counsel was ineffective for failing to raise the absence of trial counsel issue, the district court was correct in finding that the state court's application of *Strickland* (that is, the state court's conclusion that appellate counsel was *not* ineffective) was an unreasonable application of clearly established federal law.

**D.  The District Court's Factual Finding That Caver's Trial Attorney Was Absent During Jury Re-instruction Was Not Clearly Erroneous**

The Attorney General challenges not only the district court's legal conclusions - conclusions which we validate above - but also the district court's central factual determination standing as the linchpin of Caver's habeas petition. That determination is the district court's finding that Caver's trial counsel was absent during jury re-instruction. The record, the Attorney General argues, is devoid of support for such a finding.

Our review of the district court's factual findings is highly deferential. We start from the premise that a district court's factual findings in a habeas proceeding are reviewed for clear

---

[8]We note that the panel in *French v. Jones*, while holding that jury re-instruction is a critical stage and that prejudice may be presumed if trial counsel is absent, did not place any limits on what types of jury re-instruction would be considered "critical." *French v. Jones*, 332 F.3d 430, 438-39 (6th Cir. 2003). As the re-instruction in the instant matter involved new and supplemental information conveyed to the jury, similar to that jury re-instruction in *French*, we express no opinion on whether or not a jury re-instruction that does not convey new and supplemental information is similarly a "critical" stage in a trial.

error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999). "'Clear error' occurs only when [the panel is] left with the definite and firm conviction that a mistake has been committed. If there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Kellams*, 26 F.3d 646, 648 (6th Cir. 1994). We are also mindful that in a habeas proceeding the petitioner "has the burden of establishing his right to federal habeas relief and of proving all facts necessary to show a constitutional violation." *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001). Thus, the panel must determine whether or not the district court erred in determining that petitioner met the burden of establishing his right to federal habeas relief and of proving all facts necessary to show a constitutional violation on the record presented.

The collateral trial court opinion was the last reasoned opinion before the district court, and the opinion did not contain any findings of fact.[9] The district court held an evidentiary hearing, in which the petitioner and both trial and appellate counsel were questioned. The petitioner was not asked by his counsel about his claim that his trial attorney was not present when the jury was re-instructed. For reasons

---

[9]The entire trial court opinion for the state collateral proceeding reads:

> Defendant has filed a Motion of Relief from Judgment, in which he raises several issues that were not raised in his prior appeal. Upon review of the Motion, this Court is satisfied that the defendant has not shown "good cause" for failure to raise these issues in his prior appeal, nor actual prejudice from these alleged errors. MCR 6.508(D)(3).

> Defendant's claim of ineffective assistance of appellate counsel does not satisfy the "good cause" requirement because appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 795; 103 S. Ct. 3308; 77 L. Ed. 2d 987 (1983). Defendant's Motion for Relief from Judgment is hereby Denied.

that are unclear, trial counsel was not questioned respecting his alleged absence during jury re-instruction. Without any testimony on the matter, the district court was left with the following excerpt of the trial record:

(Back on the record at about 3:59 p.m.)

THE COURT: I'm not really certain about this.

I'm not quite certain about what this note from the jury means. It says definitions of Assault, and False Pretenses. And I'm not quite certain, so I'm going to ask them if they would be kind enough to write down exactly what is on the verdict form.

(Brief pause.)

THE COURT: Gentlemen, I have written a note.

           Where is Mr. Simon?

[Attorney for Caver's co-defendant]: I just asked the same question.

THE COURT: Nevertheless, I am writing this note:

"Dear Jurors, I don't quite understand your question. Would you please mark on the verdict form the exact charge or charges that you want".

And I'm going to send them a form in there so they can write on here exactly what they want to hear.

After this exchange, the attorney for Caver's co-defendant stated that he believed that the court should define assault and false pretenses, rather than making an inquiry. A note was then sent to the jury at 4:03 p.m. The court reconvened from 4:06 p.m. to 4:08 p.m. to clarify that the juror requests were required to be in writing. From 4:19 p.m. to 4:27 p.m. the trial court responded to the jury's request and re-read the

requested instruction. After the jury was excused to deliberate, Mr. Ernst, counsel for one of Caver's co-defendants, objected to the court's aiding and abetting re-instruction, and the court overruled the objection. The trial transcript does not reflect Mr. Simon's presence in the courtroom from the time of the court's initial question "Where is Mr. Simon?" to the conclusion of the proceeding that day at 4:29 p.m.

The Attorney General argues that the judge's question, "Where is Mr. Simon?" does not demonstrate that trial counsel was not present at the subsequent re-instruction, but merely reflects his absence at the time of the judge's statement in response to the jury's question. The Attorney General also cites the fact that the court went on and off the record twice after the judge's question, arguing that "it must be presumed that the judge would have pursued [counsel's absence] if counsel had remained absent." Therefore, the Attorney General maintains, Caver has not met his burden of proof on this point.

We disagree. While we *must* find clear error where the record is thoroughly devoid of evidence to support a district court's finding, a district court's factual finding may survive appellate scrutiny where there is some supporting evidence. Naturally, the trial court judge's inquiry, "Where is Mr. Simon?", raises the question of the trial attorney's whereabouts, particularly when coupled with the subsequent concern expressed by Caver's co-defendant's trial counsel. Thus, it can be understood to confirm Simon's absence from the courtroom at the time of the statement. There is no indication that Simon returned to the courtroom in the period of time after the statement was made and before the close of proceedings for the day, including the re-instruction of the jury. This interpretation of the evidence is buttressed by the fact that Simon neither commented on nor objected to the proceedings so as to appear in the record in the nearly thirty minute period following the trial judge's query about Simon's whereabouts. Of course, neither is there any further

indication that Simon was not present at the re-instruction of the jury, such as another inquiry into or an explanation offered for his absence. This is to say that the record is susceptible to two permissible interpretations -- either Simon's presence was not remarked upon or his continued absence was not remarked upon by those present. Thus, the district court judge could not have committed clear error in determining that petitioner's trial counsel was absent, and we must defer to the interpretation adopted by the district court judge in his decision to grant the request for a writ of habeas corpus.[10]

---

[10]Even though we have determined that the district judge's determination to grant Petitioner a writ of habeas corpus based on the record was not clearly erroneous, we remark that it would have been helpful for either counsel or the court to have inquired of Petitioner's trial counsel regarding his presence or absence at the jury re-instruction during the evidentiary hearing. Nonetheless, their failure to do so does not mean that the record is therefore devoid of any evidence regarding Simon's presence or absence. Rather, it leaves a suggestive record by which Petitioner has borne his burden of proof in the eyes of the district court and as described above. Such a sparse record may be properly construed in this manner, considering the critical nature of the re-instruction of the jury under *Cronic* and *French* and in the absence of further evidence of Simon's presence, particularly in light of the state's opportunity to elicit testimony from Simon at the evidentiary hearing before the district court. Our determination is bolstered when considered alongside those decisions that impugn the state's care for a criminal defendant's constitutional rights where the record is silent regarding the details of certain proceedings. *See, e.g., Boykin v. Alabama*, 395 U.S. 238 (1969) (reversible error where guilty plea accepted but record does not disclose that a plea was entered voluntarily and knowingly); *Carnley v. Cochran*, 369 U.S. 506, 516 (1962) (holding that "[p]resuming waiver [of the Sixth Amendment right to counsel] from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."). This is not to say that we are shifting the burden to be borne by a habeas petitioner by our decision today. Rather, we are concerned about the state's failure to take up its residual burden of rebutting that evidence presented on behalf of the petitioner when it was necessary to do so.

## IV. Conclusion

Caver's ineffective assistance of appellate counsel claim was not procedurally defaulted, and because jury re-instruction is a "critical stage" of a criminal proceeding, the district court properly presumed prejudice under *Cronic.* Further, the district court's factual finding that Caver's trial counsel was absent during jury re-instruction is supported by the record and, thus, not clearly erroneous. Accordingly, the decision of the district court is **AFFIRMED.**

-----

### CONCURRENCE

-----

ROGERS, Circuit Judge, concurring.

I concur in the result, and in the majority opinion to the extent that it does not preclude a future panel from upholding as reasonable, under the deferential AEDPA standard, a reasoned state court opinion to the effect that a jury reinstruction might not amount to a critical stage under the reasoning of *United States v. Cronic*, 466 U.S. 648, 659 & n.25 (1984).

Several factors make this a poor case in which to preclude such a holding in the future. First, only the most generous accommodation accorded pro se filings permits us even to conclude that petitioner adequately pursued in the state courts the issue of counsel's absence at jury reinstruction. Second, the state court rejected the argument in the most cursory terms, leaving us with the slimmest of indications of its reasoning on the issue. Third, the district court's factual finding that counsel was indeed absent at the time of jury reinstruction can be upheld only on the basis of a generous application of deference under the court's clearly erroneous standard, as the record is remarkably opaque on the question. Fourth, it is not even clear that the state in its brief to this court did not waive any argument that jury reinstruction is a critical stage under *Cronic*. Given this state of the record, I concur in the majority's result.

This case should not be read, however, to resolve the issue of whether it is ever possible to uphold, under the AEDPA standard, a reasoned state court holding that a defendant was not prejudiced by the absence of counsel at jury reinstruction. *French v. Jones*, 332 F.3d 430 (6th Cir. 2003), relied upon by the majority, does not necessarily require a negative answer to this question, because the state court decision in that case

assumed that the jury reinstruction at issue was a critical stage. *French*, 332 F.3d at 436. Our holding in *French* thus does not require the conclusion that a state court could not reasonably (even if erroneously in our view) hold the contrary. Moreover, Supreme Court cases dealing with jury reinstruction do not require a negative answer, as those cases could reasonably be read to state a rule that is not of constitutional stature. *Rogers v. United States*, 422 U.S. 35, 39-40 (1975) (analyzing giving of supplemental instructions to jury when defendant's counsel was absent as violation of Rule 43 of Federal Rules of Criminal Procedure); *Shields v. United States*, 273 U.S. 583, 588-89 (1927) (observing that rule of orderly conduct of jury trial entitles defendant to be present from time jury is impaneled until it renders its verdict); *cf. Rushen v. Spain*, 464 U.S. 114, 117 n.2 (1983) (declining to decide whether trial judge's ex parte communication with juror was error of constitutional dimension). *But see Rushen*, 464 U.S. at 118 (arguably citing *Rogers* as case involving constitutional deprivation).

To be sure, the Supreme Court has indicated that a "critical stage" denotes "a step of a criminal proceeding, such as an arraignment, that h[olds] significant consequences for the accused." *Bell v. Cone*, 535 U.S. 685, 695-96 (2002). If we assume that responding to a jury request to amplify a jury instruction inherently "holds significant consequences for the accused," then it would arguably be unreasonable for a state court to conclude, where the defendant's attorney was absent at that time, that the Constitution did not require a new trial. I would leave resolution of the issue, however, to a case in which the state court more clearly made such a determination, and where the state more clearly defended it.