**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0198n.06
Filed: March 15, 2007

**No. 06-5284**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| WAYNE BRANDON, WARDEN, | ) | |
| | ) | |
| Respondent-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOSEPH M. STONE, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Petitioner-Appellee. | ) | |
| | ) | |
| | ) | |

Before: KENNEDY and GIBBONS, Circuit Judges; ALDRICH, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Petitioner-appellee Joseph M. Stone ("Stone")

filed the instant action seeking a writ of *habeas corpus*. The district court granted the writ based on

a finding of ineffective assistance of counsel, and Respondent-appellant Wayne Brandon

("Brandon") subsequently appealed. Because we conclude that the ground upon which the district

court granted relief was not fairly presented to the state courts by Stone and therefore that he has not

exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1), we vacate the writ and

remand to the district court with instructions that the district court determine whether Stone can

demonstrate that his failure to exhaust is excusable and, if not, to dismiss the petition.

---

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

1

I.

Stone was indicted in state court on multiple counts of theft, larceny, and burglary. During plea negotiations, Stone received multiple offers from the prosecution, each presenting a distinct sentencing scheme. Following entry of a guilty plea in which he agreed to submit to the court for sentencing without a recommendation from the prosecution, Stone was sentenced to a total of twenty years in prison. On direct appeal, the Tennessee Court of Criminal Appeals affirmed his sentence. Stone timely filed a *pro se* motion for postconviction relief, claiming that he received ineffective assistance of counsel and that his guilty plea was not knowing and voluntary. Following an evidentiary hearing, the trial court denied relief. The Tennessee Court of Criminal Appeals affirmed, *Stone v. State*, No. M2003-00731-CCA-R3-PC, 2004 WL 300123 (Tenn. Crim. App. Feb. 17, 2004), and the Tennessee Supreme Court declined review.

Stone filed a petition for a writ of *habeas corpus* in federal district court, seeking relief on a number of grounds, including several claims that his trial counsel, Brent Horst ("Horst"), rendered constitutionally deficient performance as defined by *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52 (1985). The only issue on appeal is related to Stone's claim that Horst's failure to advise him on the merits of the various plea offers presented to him and provide guidance regarding which of those offers he should have taken constituted ineffective assistance of counsel. The district court was persuaded by Stone's claim and granted relief.

Brandon argued before the district court, as he does on appeal, that the particular *Strickland* claim upon which relief was granted was not fairly presented to the Tennessee state courts. Consequently, according to Brandon, this claim was unexhausted and cannot support the district court's granting of a writ. We agree with Brandon that Stone did not fairly present this particular

2

*Strickland* claim to the Tennessee courts. Stone's failure to raise this claim before the Tennessee courts is fatal to his *habeas* petition, and we therefore vacate the order of the district court and remand.[1]

II.

In the *habeas* context, we review the district court's legal conclusions *de novo* and its factual findings for clear error. *Carter v. Bell,* 218 F.3d 581, 590 (6th Cir. 2000). Before a *habeas* petitioner may seek relief based on an asserted federal claim, he or she must exhaust available state remedies. 28 U.S.C. § 2254(b)(1)(A). Questions of exhaustion are legal questions we review *de novo*. *Satterlee v. Wolfenbarger*, 453 F.3d 362, 365 (6th Cir. 2006). In order to satisfy this exhaustion requirement, "a petitioner's claim must be 'fairly presented' to the state courts before seeking relief in the federal courts." *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). A claim is fairly presented if that "claim [has been] presented to the state courts under the same theory in which it is later presented in federal court." *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004) (quoting *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)). The relevant inquiry for determining whether a claim has been "fairly presented" is whether the federal claim raised in the *habeas* petition is "separate and distinct" from the federal claim or claims brought before the state courts. *See Williams*, 380 F.3d at 969; *Wong*, 142 F.3d at 322. In the context of ineffective assistance claims, "to the extent that [such a] claim is based upon a different allegedly ineffective action than the claim presented to the state courts, the claim has not

---

[1]The exhaustion issue is dispositive, and we therefore need not reach the merits of the decision of the district court in granting relief.

3

been fairly presented." *Caver v. Straub*, 349 F.3d 340, 346-47 (6th Cir. 2003) (citing *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)).

On the record before us, it is clear that the ineffective assistance complained of in Stone's *habeas* petition and relied upon by the district court in granting relief resulted from allegedly deficient performance not brought to the attention of the state courts. Having reviewed the entire record of the state proceedings, we are unable to find any reference by Stone to the issue upon which relief was granted by the district court. The first mention of Horst's deficient performance in failing to advise him regarding the merits of the various plea offers set out before him is in his amended petition for relief filed with the district court.

Stone's allegations of ineffective assistance presented to the Tennessee courts can be divided into several broad categories: (1) inadequate communication and availability; (2) insufficient investigation of Stone's case; (3) poor advocacy; and (4) insufficient explanation of the nature and consequences of Stone's guilty plea. What is clear from scouring the state court record is that Stone nowhere claimed that Horst failed to advise him regarding the merits of the various plea offers made by the prosecution. Whether or not the district court was correct that the absence of this advice renders trial counsel's performance constitutionally deficient, the exhaustion requirement demands that Stone first utilize any state court process available to him prior to presenting that claim in a federal *habeas* proceeding. Accordingly, Stone is not entitled to relief.

Stone's reliance on *Vasquez v. Hillery*, 474 U.S. 254 (1986), is misplaced. Stone is correct that *Vasquez* provides that a *habeas* petitioner may supplement the evidentiary record before the district court so long as the supplementary evidence "d[oes] not fundamentally alter the legal claim already considered by the state courts." 474 U.S. at 260. This holding, however, is not relevant to

4

the matter at issue in this case: whether Stone raised the claim upon which he was granted *habeas* relief before the Tennessee courts. While Stone argues that his ineffective assistance claim has remained essentially unchanged throughout his state and federal postconviction proceedings, our own review of the record demonstrates that Stone is incorrect. Prior to the filing of his amended *habeas* petition with the district court, the particular theory upon which Stone sought and was ultimately granted relief can be found nowhere in the record. Whatever *Vasquez* may say about supplemental evidence, the controlling law of this circuit is that exhaustion requires a petitioner to present his or her legal theory to the state courts before seeking federal relief. As Stone failed to comply with this requirement, his request for relief must be denied.

III.

For the foregoing reasons, we vacate the order of the district court granting the writ and remand with instructions.