**Donny L. BERRY, Petitioner-Appellant,**

v.

**WARDEN, SOUTHERN OHIO CORRECTIONAL FACILITY, Respondent-Appellee.**

No. 16-4028

United States Court of Appeals, Sixth Circuit.

April 27, 2017

---

## ORDER

Donny L. Berry, an Ohio prisoner, represented by counsel, filed a notice of appeal from the district court's judgment denying his amended 28 U.S.C. § 2254 habeas corpus petition. The court construes Berry's timely appeal as an application for a certificate of appealability ("COA"). *See* Fed. R. App. P. 22(b). He also requests permission to proceed in for-

ma pauperis ("IFP") on appeal and moves for the appointment of counsel.

In November 2011, an Ohio jury found Berry guilty of aggravated murder in violation of Ohio Revised Code § 2903.01(A), involuntary manslaughter in violation of § 2903.04(A), conspiracy to traffic cocaine in violation of § 2923.01(A)(2), and conspiracy to traffic marijuana in violation of § 2923.01(A)(2). *See State v. Berry*, No. 4-12-03, 2013 WL 2638704 (Ohio Ct. App. June 10, 2013) (unpublished). Berry also pleaded guilty to attempted burglary. Berry was sentenced to an aggregate sentence of thirty years to life in prison. *Id.* at *2.

The state appellate court affirmed his convictions and sentence, *id.*, and the Ohio Supreme Court denied leave to appeal. *State v. Berry*, 137 Ohio St.3d 1410, 998 N.E.2d 510 (2013) (table). Berry filed a post-conviction petition, which the trial court dismissed. The state court of appeals affirmed that decision, and the Ohio Supreme Court declined to accept the appeal for review. While the direct appeal and the post-conviction cases were pending, Berry filed a pro se application to reopen his appeal pursuant to Ohio App. R. 26(B). The state court of appeals denied the motion, and the Ohio Supreme Court declined jurisdiction. *State v. Berry*, 138 Ohio St.3d 1436, 4 N.E.3d 1052 (2014) (table).

In November 2014, Berry filed his § 2254 habeas petition pro se, presenting eleven grounds for relief. The district court granted Berry's motion for the appointment of counsel. The matter was referred to a magistrate judge, who concluded that seven of the grounds were procedurally defaulted. The magistrate judge also concluded that Berry had failed to present any substantive argument regarding one ground and thus had abandoned it, failed to meet his burden of showing ineffective assistance of counsel to succeed on two of the grounds, and

also failed to show that the evidence was insufficient to support his conviction for aggravated murder, which was the basis for the remaining ground.

In his objections to the magistrate judge's report, Berry conceded that six of the grounds presented in his petition were procedurally defaulted. The remaining grounds, as numbered in his petition, were as follows: (1) he was denied effective assistance of appellate counsel when counsel failed to raise certain meritorious issues; (2) the trial court abused its discretion when it denied his motion to suppress incriminating statements that he made to police on April 15, 2011; (4) state agents relied on "illegally obtained incriminating statements against petitioner at trial"; (6) he was denied his right to effective assistance of trial counsel; and (10) the evidence was insufficient to support his conviction for aggravated murder. The district court addressed these claims, and denied the petition.

 A COA may issue when an "applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Berry's convictions arose out of the robbery and murder of Kerry Christopher. In summary, Christopher was shot on February 20, 2011, "between 10:40 and 11 p.m. ... by a 'contact' gunshot wound to the left side of his head while he was sitting in the passenger seat of his Cadillac." *Berry*, 2013 WL 2638704, at *5. "Evidence revealed that [Christopher] was shot in the car, dragged out of it, left in a spot in the driveway long enough for his blood to pool, stripped of his outer clothes, and then placed in the trunk of the Cadillac." *Id.*

Ground One

 Berry argued that his appellate counsel was ineffective for failing to argue that the police violated his *Miranda* rights when they obtained and used statements that he made to police. Ineffective-assistance claims are reviewed under the two-part test for such claims under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* requires a defendant to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. 2052. The performance of appellate counsel is properly reviewed under the *Strickland* standard. *See Webb v. Mitchell*, 586 F.3d 383, 398 (6th Cir. 2009). Appellate counsel need not raise every non-frivolous claim in order to provide effective assistance. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011). The failure to raise an issue on appeal constitutes ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the outcome of the appeal. *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005). To show ineffective assistance when appellate counsel presents one argument instead of another, "the petitioner must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present.'" *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003) (quoting *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)).

On the date in question, a classification officer, Carolyn Kuntz, interviewed Berry as he was being taken into custody at the Corrections Center of Northwest Ohio, and asked him if he was aware of the charges against him and why he was being held. According to Kuntz's testimony at the suppression hearing, Berry had insisted on speaking with the prosecutors about his case, so Kuntz arranged for this, resulting in the statements that Berry wanted suppressed. The trial court concluded that Berry, rather than the officers, initiated the law enforcement contact that led to his statements and that Berry had thus voluntarily waived his *Miranda* rights, which officers had administered at that point.

 Police may not initiate further investigation of a suspect without counsel present after the suspect invokes the right to counsel. *See Edwards v. Arizona*, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). A suspect may waive that right, however, by initiating a "case-related discussion." *See Bachynski v. Stewart*, 813 F.3d 241, 246 (6th Cir. 2015), *cert. denied*, —— U.S. ——, 136 S.Ct. 2026, 195 L.Ed.2d 230 (2016). Assuming that Berry invoked his right to counsel after being informed of his rights, he waived that right by insisting on speaking with prosecutors while being booked into jail. Officer Kuntz's inquiry about whether Berry was aware of the charges against him fell within the realm of routine "incidents of the custodial relationship" *See Oregon v. Bradshaw*, 462 U.S. 1039, 1045, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983).

The district court determined that, as a result, Berry's counsel did not perform ineffectively when he omitted this claim because counsel was not required to raise meritless arguments on appeal. *See Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008). Reasonable jurists would not debate the district court's determination that Berry's appellate counsel did not render ineffective assistance when he omitted the suppression claim on appeal. *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002).

Ground Two

 Berry argued that the trial court erred in denying his motion to suppress the statements elicited on April 15, 2011. The district court determined that Berry had procedurally defaulted this claim by failing to raise it on direct appeal and had failed to present cause for the default or prejudice from this failure. Procedural default occurs when a petitioner fails to comply with a regularly enforced state court procedural rule that is an adequate and independent ground to bar review of a federal constitutional claim. *Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A petitioner "can overcome a procedural default by showing (a) cause for the default and (b) actual prejudice from it." *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Berry admitted that the claim was defaulted in state court, but challenged the district court's determination that he had failed to show cause for the default or prejudice to his case.

As discussed above, counsel was not ineffective for failing to raise this claim on direct appeal; thus Berry cannot argue ineffective assistance as cause of the procedural default. Reasonable jurists would not debate the correctness of the district court's procedural ruling on this ground.

Ground Six

 Berry admitted that some of his ineffective assistance claims were defaulted, but challenged the district court's findings regarding the merits of the claims that were not defaulted. Specifically, Berry challenged the state court's resolution of his claim that his counsel was ineffective for failing to object to trial testimony by Detective Dave Richards and Sergeant Tobie Delaney about statements made by Shonda Wilson, the mother of Christopher's child, and Jonathan Gaines, a friend of Berry's. *See Berry*, 2013 WL 2638704, at *12. The state court determined that this testimony was not hearsay, as Berry had argued, because it was not offered to show the truth of the matter asserted: rather, Detective Richards was "merely testifying to how he proceeded with his investigation and what he learned from one witness to the next that led him forward." *Id.* Even if Detective Richards's statements were hearsay, Wilson was available at trial for cross-examination, so counsel was not ineffective for failing to object to the detective's statements. Likewise, Sergeant Delaney simply described when and why he spoke with Gaines in the process of his investigation, and Gaines was subject to cross-examination at the trial as well. *Id.*

The district court adopted the state court's rationale and determined that counsel's performance was not deficient for failing to object to the officers' testimony as hearsay. For the reasons stated by the district court, reasonable jurists would not debate its resolution of this ground.

Ground Ten

 Berry argued that the evidence was insufficient to support his conviction for aggravated murder. Sufficient evidence exists to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* ra-

tional trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 324 n.16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In the habeas context, the court conducts a two-part analysis to determine whether the state court unreasonably applied *Jackson. Stewart v. Wolfenbarger*, 595 F.3d 647, 653 (6th Cir. 2010). The court first "ask[s] whether the evidence itself was sufficient to convict under *Jackson*"; if so, the inquiry ends. *Id.*

■ Ohio's aggravated murder statute states that "[n]o person shall purposely, and with prior calculation and design, cause the death of another or the unlawful termination of another's pregnancy." Ohio Rev. Code § 2903.01(A). Relying on the state appellate court's findings, the district court summarized the evidence that supported Berry's conviction as follows: On the weekend of the murder, Berry had informed a witness about a planned "power move" while he was seeking bullets for a handgun; Berry and Christopher were together on the evening of the murder at around the time it occurred; the killing took place at the vacant former residence of Berry's mother; Berry had been an informant in the past and had met officers at the same vacant residence; a spot of blood matching Christopher's was found in the driveway of the vacant house, which police determined was left from the pooling of blood after Christopher had been dragged from the car; Berry first stated to police that he had not seen the victim around the time of the murder but later admitted that he had placed Christopher's body in the trunk of Christopher's Cadillac; Berry provided three inconsistent versions of where he was at the time of the murder, how he was involved in disposing of the victim's body, and where he went after the murder; the police discovered blood that matched Christopher's in the car that Berry was driving the day after the murder; all of the suspects that Berry claimed shot Christopher were interviewed and cleared of wrongdoing; and after Christopher's death, Berry possessed Christopher's bag of drugs and had additional money.

Viewing this evidence in the light most favorable to the prosecution, it was not unreasonable for a rational trier of fact to conclude that the elements of aggravated murder under Ohio law were proven. Thus, jurists of reason would not conclude that this issue is adequate to deserve encouragement to proceed further.

Ground Four

The district court properly noted that Berry, represented by counsel, failed to present any argument challenging the magistrate judge's finding that he had procedurally defaulted Ground Four, in which he had asserted that state agents knowingly relied on "illegally obtained incriminating statements" at trial. Therefore, reasonable jurists would not debate the district court's procedural ruling on this ground. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (a plaintiff waives his right to appeal a district court's judgment by failing to file objections to findings in the magistrate judge's report and recommendation after being fairly advised to do so); *see also United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, we **DENY** the application for a COA, **DENY** the motion for the appointment of counsel as unnecessary, and **DENY** the motion for IFP as moot.